UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                        Plaintiff, )   Civil Action No.
                                        )   03-1160-T/An
v. )
                                        )
THYSSENKRUPP ELEVATOR )
MANUFACTURING, INC., )
                        Defendant. )

## CONSENT DECREE

### Introduction

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation.

Plaintiff, Equal Employment Opportunity Commission (hereinafter the "Commission"), has instituted this action on behalf of Timothy Robinson and a class of Blacks, alleging that Defendant ThyssenKrupp Elevator Manufacturing, Inc. (hereinafter the "Defendant" or ThyssenKrupp Elevator), allowed its employees to harass Timothy Robinson because of his race, Black, discharged Robinson and other Black employees because of their race, denied promotions to Black employees because of their race, and failed to hire Black job candidates because of their race, all in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

The Defendant has consistently denied and continues to deny that it engaged in

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 10/26/05

any unlawful employment practices as alleged by the Commission or that it otherwise violated Title VII.

In the event this proposed Consent Decree is not approved or does not become final, then it shall not be admissible in evidence in any subsequent proceeding in this action. Further, this Consent Decree shall not be admissible in any other action now pending or which may be filed in the future.

This Consent Decree constitutes the complete and exclusive agreement between the parties with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by both parties. No representations or inducements to compromise this action have been made, other than those recited or referenced in this Consent Decree.

The Court has reviewed the terms of the proposed Consent Decree in light of the applicable laws and regulations the statements and representations of counsel for all parties, and hereby approves the Consent Decree.

## I.   JURISDICTION

The United States District Court for the Western District of Tennessee, Eastern Division, has jurisdiction over the parties and subject matter of this litigation.

## II.   GENERAL PROVISIONS

This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of Title VII or any executive order, law, rule or regulation dealing with or in connection with

2

discrimination, harassment, or retaliation in employment.

## III.   SCOPE AND DURATION OF AGREEMENT

1.  By entering into this Consent Decree, the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than Charge No. 250-A2-00506, filed by Timothy Robinson that created the procedural foundation for the complaint in this case.

2.  This Consent Decree constitutes the complete and exclusive agreement between the Commission and Defendant, with respect to the matters referred to herein and arising out of Charge No. 250-A2-00506.  This agreement shall not be considered in any manner to be dispositive of any other charges now pending before any office of the Commission, or other lawsuits, if any, pending against Defendant ThyssenKrupp Elevator located in Middleton, TN, other than this lawsuit and the above–mentioned charge.  Further, this Agreement will not be used as precedent in the event of any future charges that may be filed against ThyssenKrupp Elevator alleging race discrimination.

3.  This Agreement shall remain in effect for a period of two years.

## IV. INJUNCTIVE RELIEF

1.  Defendant, its officers, agents, management, (including supervisory employees), successors, assigns, are hereby enjoined from knowingly or intentionally violating Title VII by:  (i) discriminating against Black applicants for employment with ThyssenKrupp Elevator on the basis of race in any aspect of employment or application for employment; (ii) engaging in or being a party to any action, policy, or practice, that is intended to or is known to them to have the effect of harassing or intimidating any Black

3

employee of ThyssenKrupp on the basis of his or her race; and any employment practice which has the purpose or effect of discriminating against any employee or applicant for employment on the basis of race pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2.      Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are hereby enjoined from knowingly or intentionally engaging in any employment practice which has the purpose or effect of retaliating against any employee or applicant for employment for participating in any proceeding under Title VII or for opposing discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

## V. POLICY PROHIBITING HARASSMENT

The policy prohibiting harassment which is attached to this Decree as Exhibit A will be complied with by ThyssenKrupp Elevator. Within thirty days after receiving a copy of this Decree entered by the Court, each employee will be required to read and sign a copy of this policy, and will be given a copy of the policy. Within twenty days after this requirement has been complied with, Defendant will submit a report to Pamela B. Dixon, Senior Trial Attorney for the EEOC, at the address indicated below, confirming that this requirement has been met. Thereafter, whenever a new employee is hired, he or she will be required to read and sign a copy of this policy and will be given a copy of the policy.

## VI.    TRAINING

Defendant shall provide employment-discrimination awareness training to all supervisory and management personnel at its Middleton, TN facility, according to the

following terms:

    (a)    The training session will include at least two (2) hours of instruction.

    (b)    The training will include the following topics: what constitutes racial discrimination; how to prevent, identify and remedy racial discrimination; what constitutes retaliation in violation of Title VII; Defendant's policy against racial harassment and retaliation; and implementation of Defendant's policy against racial harassment, including procedures and responsibilities for reporting, investigating and remedying conduct an employee believes may constitute racial harassment.

    (c)    The training will be conducted at Defendant's Middleton location.

    (d)    Within thirty (30) days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training. The Commission will have thirty (30) days after the date of receipt of such information to accept or reject the training proposal. The Commission will not unreasonably withhold its approval of the proposal. If the Commission does not approve the contents of the training session, the parties shall attempt to resolve the matter, and if unsuccessful, submit the dispute to the Court.

    (e)    The training session will be conducted within ninety (90) days after the date of the entry of this Consent Decree by the Court or within thirty (30) days of approval of the outline or resolution of disputes relating to same as set forth in (d) above, whichever occurs later.

    (f)    Defendant within 30 days of the training shall provide documentation

to the EEOC of training compliance for hiring officials, supervisors, and managers located at the Middleton, TN facility.

## VII. POSTING AND POLICIES

Within thirty (30) days of the entry of this Consent Decree, Defendant shall post and cause to remain posted for one year at the Middleton, Tennessee office the notice attached hereto as Exhibit B.

## VIII. RELIEF

1. Defendant will pay a total of One Hundred and Seventy-Five Thousand Dollars ($175,000) in full settlement of the claims of Timothy Robinson and a class of Blacks in accordance with instructions from the Commission concerning how much each person will be paid. The Commission will notify the Defendant of the amount of monetary relief which will be paid to each individual within five (5) days of the entry of the Decree. Payment will then be made to the Charging Party and class members by Defendant by cashiers checks or business checks within fifteen (15) days of notification by the Commission. Copies of the checks will be mailed at the same time to Katharine W. Kores at the Memphis District Office.

2. Within fifteen (15) days of the entry of this Decree, the Commission shall provide ThyssenKrupp with a list of the names, addresses, and telephone numbers of qualified Black individuals previously denied employment by ThyssenKrupp who now wish to be hired. After receiving the list of Black individuals described above, ThyssenKrupp will contact these individuals no later than June 1, 2006, and invite them to come in to test for employment. ThyssenKrupp Elevator will make a good faith effort to offer employment to these individuals who pass the pre employment tests. Further,

ThyssenKrupp Elevator will use its best efforts to hire qualified minority applicants in order to establish a more diverse work force.

3. ThyssenKrupp Elevator will extend job offers for entry level positions to the following individuals, dependent upon them passing a criminal background check:

    a. Charlie Whitmore

    b. Samuel Flagg

    c. Quinton Walton

    d. Willie Morrow

    e. Kennedy Ivory

Any individual who passes the criminal background check but is not offered a job by June 1, 2006, will be paid five thousand dollars ($5000). Defendant will notify the Commission when each individual is offered a job and if any of them are laid off.

4. For the duration of this Agreement, ThyssenKrupp Elevator will place advertisements of job openings in the Commercial Appeal and other area newspapers in order to increase awareness of job openings to more individuals.

5. ThyssenKrupp Elevator will use its best efforts to ensure that the pre-employment tests currently in use do not have an adverse effect on minority applicants. These efforts include, but are not limited to, revising the test, eliminating portions of the test, and/or considering eliminating the test in its entirety.

## IX. REPORTING

1. Defendant will provide two reports to the EEOC. The first report will be submitted within twelve (12) months of entry of the Decree. The second report will be submitted within eighteen (18) months of entry of the Decree. Each report will

describe all complaints of race discrimination at the Middleton facility, describe the investigation conducted by Defendant in response to each complaint and indicate how the complaint was resolved. Each report will describe any additional training of Defendant's supervisors, managers and hourly employees in the requirements of Title VII of the Civil Rights Act of 1964, as amended.

2.     Each report will be forwarded to Pamela B. Dixon, Senior Trial Attorney, at the Little Rock Area office of the EEOC.

## X. EXPUNGEMENT

The Defendant, ThyssenKrupp Elevator shall expunge from the personnel files of Timothy Robinson and the class members any reference to the charge of discrimination and this litigation.

## XI. NEUTRAL REFERENCE

Defendant agrees to give a neutral reference to any potential employers of Timothy Robinson and any class members who were ever employed with Defendant, who request a job reference. Any such neutral reference shall be identical to the form demonstrated in Exhibit C. No mention of the EEOC charge of discrimination or this action will be made as part of the neutral reference.

## XII.    COSTS

Each party shall bear that party's own costs, attorneys' fees, and expenses.

*/s/ James D. Todd*
JAMES TODD
U.S. DISTRICT JUDGE

DATE: 25 October 2005

FOR DEFENDANT:

*[signature]*

WILLIAM L. SOSSAMAN
TN Bar No. 6247
Scruggs Sossaman & Thompson
One Commerce Square, Ste 1525
Memphis, TN 38103
(901) 507-7800 telephone
(901) 202-4742 fax

*[signature]*

MICHAEL K. HARLESS
VP Human Resources
ThyssenKrupp Elevator
    Manufacturing, Inc.

FOR THE COMMISSION:

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*[signature]*

KATHARINE W. KORES
Regional Attorney
TN Bar No. 6283

*[signature]*

FAYE WILLIAMS
Supervisory Trial Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 621
Memphis, Tennessee
(901) 544-0088 telephone
(901) 544-0111 fax

*[signature]*

PAMELA B. DIXON
Senior Trial Attorney
AR # 95085

*[signature]*

WILLIAM A. CASH, JR.
Senior Trial Attorney
AR #88081

Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, AR 72201
(501) 324-5065 telephone
(501) 324-5991 fax

9

# ThyssenKrupp Elevator 

Human Resources

## EQUAL EMPLOYMENT OPPORTUNITY POLICY

In every aspect of the employment relationship, it shall be the policy of ThyssenKrupp Elevator to consider qualifications alone without regard to race, color, religion, sex, national origin, age, disability, or status as a disabled veteran or veteran of the Vietnam Era, or any other attributes protected by law and to secure not only equal opportunity for all, but an atmosphere conductive to allowing any employee, to perform his/her best and to achieve any recognition earned. This policy will be implemented to ensure employees will not be subjected to harassment, intimidation, threats, coercion, discrimination or retaliation because they have engaged in or may engage in any of the following activities: 1) Filing a complaint; 2) Assisting or participating in any employment discrimination proceeding; 3) Assisting or participating in an investigation, compliance review, hearing, or any other activity pertaining to any equal employment opportunity law; 4) Opposing any act or practice made unlawful by any equal employment opportunity law ; 5) Exercising any other right protected by law. ThyssenKrupp Elevator is committed to providing an environment free of all forms of discrimination, harassment and retaliation, including unwelcomed and unwanted behavior or comments of a sexual nature.

## NO HARASSMENT / NO DISCRIMINATION POLICY

It is the policy of ThyssenKrupp Elevator that there shall be no harassment or discrimination of any employee or person with a working relationship with the Company on account of a person's race, color, sex (including same-sex harassment), religion, national origin, citizenship, age, disability, or other attributes protected by law. "Harassment" also includes sexual advances, requests for sexual favors, offensive touching, and other verbal, graphic, physical conduct, or electronic communications (e-mail) of a sexual nature involving either members of the opposite or the same sex.

The following conduct constitutes harassment and will not be tolerated:

Behavior that focuses on or is related to one's race, color, sex, religion, national origin, citizenship, age, disability or other attributes protected by law which is unwelcome and personally offensive to the recipient. Harassment is a form of misconduct, which is demeaning to another person and undermines the integrity of the employment relationship.

Unwelcome sexual advances, requests for sexual favors, and other verbal or physical nature constitutes sexual harassment when:

- Submission to such conduct is made explicitly or implicitly a condition of an individual's employment
- Submission to or rejection of such conduct is used as a basis for an employment decision affecting the employee or person, or
- The harassment has the purpose or effect of unreasonably interfering with the individual's work performance or creating an environment which is intimidating, hostile, or offensive to the employee or any other person with a working relationship with the Company

ThyssenKrupp Elevator Corporation
1995 North Park Place, Suite 370
Atlanta, GA 30339
Telephone: (770) 799-0400
Fax: (770) 799-0449
Internet: www.thyssenkruppelevator.com

HR203CEO 052303

EXHIBIT A

Unwanted physical contact, foul language, sexually oriented propositions, off-color jokes or remarks, obscene gestures or the display of sexually explicit pictures, cartoons, or other inappropriate materials focused on race, color, sex, religion, national origin, citizenship, age, or disability or other protected attributes may be considered offensive to another person and, thus, should not occur.

## PROCEDURE

### SCOPE

The Company policy of nondiscrimination prevails throughout every aspect of the employment relationship, including:

- Hiring, placement, promotion, demotion, and transfer
- Recruitment, advertisement, and solicitation for employment
- Training during employment
- Selection for training
- Rates of pay or other forms of compensation
- Layoff and termination

### RESPONSIBILITY

- Managers - Communicate and implement the provisions of this basic policy to ensure fair and equal employment opportunities to all.
- Human Resources Department - Ensure that all phases of personnel administration are in accord with this policy.

## COMPLAINT PROCEDURE

ThyssenKrupp Elevator will provide its employees with convenient, confidential, and reliable mechanisms for reporting incidents of discrimination, harassment and retaliation. Accordingly, employees should immediately report incidents of discrimination, harassment and retaliation to his or her immediate supervisor. If the immediate supervisor is unavailable or the employee believes it would be inappropriate to contact his or her supervisor, the employee should immediately contact the Corporate Compliance Officer who will coordinate an investigation. The Corporate Compliance Officer is readily available to receive such complaints to provide an alternative reporting mechanism for an employee who may be faced with complaining to the person, or a close associate of the person, who would be the subject of the complaint.

Complaints of acts of discrimination, harassment or retaliation will be accepted in writing or orally, and will be taken seriously and investigated. All supervisors who receive complaints of discrimination, harassment or retaliation or any person who has observed such action should report it immediately to the Corporate Compliance Officer. A complaint need not be limited to someone who was the target of harassment or retaliation.

IR203CC0 052303

All parties contacted in the course of an investigation will be advised that all parties involved in a charge are entitled to respect and that any retaliation or reprisal against an individual who is an alleged target of harassment or retaliation, who has made a complaint, or who has provided evidence in connection with a complaint is a separate actionable offense.

## INVESTIGATIONS

All complaints will be investigated expeditiously. All parties contacted in the course of an investigation will be advised that all parties involved in a complaint are entitled to respect and that any retaliation or reprisal against an individual who is an alleged target of harassment or retaliation, who has made a complaint, or who has provided evidence in connection with a complaint is a separate actionable offense. Based upon the results of the investigation, ThyssenKrupp's Corporate Compliance Committee is empowered to recommend remedial measures based upon the results of the investigation, and ThyssenKrupp Elevator will promptly consider and act upon such recommendation. Any employee found to be in violation of this policy will be subject to disciplinary action, up to and including termination.

## REPORTING

Employees should immediately report incidents of discrimination, harassment and retaliation to his or her immediate supervisor, or if the employee believes it would be inappropriate to contact his or her supervisor, the employee should immediately contact the Corporate Compliance Officer so that an appropriate investigation can be conducted regarding harassment and retaliation issues.

Contact:            Immediate Supervisor
Contact location:   Same as employee
Contact phone:      Same as employee's work location

Contact:            Corporate Compliance Officer
Contact name:       Gloria Schultz
Contact location:   5701 Pine Island Road, Suite 390
                    Tamarac, FL 33321
Contact phone:      (866)-572-1739
                    9:00 a.m. to 5:00 p.m., Eastern Time

HR203EEO 052303

## NOTICE

1. This Notice to all employees of Thyssenkrupp Elevator Manufacturing, Inc. is being posted as part of an agreement between Thyssenkrupp and the Equal Employment Opportunity Commission in settlement of a complaint of employment discrimination.

2. Title VII of the Civil Rights Act of 1964, as amended, is a federal law that provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual because of such individual's race or color.

3. Thyssenkrupp Elevator Manufacturing, Inc., supports and will comply with Title VII in all respects and will not take any action against employees because they have opposed employment practices made illegal by Title VII or exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission, or because they testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under Title VII.

_____

Thyssenkrupp Elevator Mfg., Inc.                    Date

Title

EXHIBIT B

To Whom It May Concern:

This letter is in response to your inquiry regarding the employment of _____ while employed at Thyssenkrupp Elevator Mfg., Inc.

_____ worked at Thyssenkrupp Elevator Mfg., Inc. as a _____ from _____ through _____. Company policy does not permit us to give out any more information concerning _____'s employment.

Very truly yours,



Thyssenkrupp Elevator Mfg., Inc.

**EXHIBIT C**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 1:03-CV-01160 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Alyson Chensasky
PERMANENT GENERAL ASSURANCE CORP.
80 Monroe Ave.
Ste. 505
Memphis, TN 38103

Thomas J. Borek
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Carson L. Owen
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue
Ste. 621
Memphis, TN 38104

Martin F. ssThompson
SCRUGGS SOSSAMAN & THOMPSON
One Commerce Square
Ste. 1525
Memphis, TN 38103--551

William Sossaman
SCRUGGS SOSSAMAN & THOMPSON
One Commerce Square
Ste. 1525
Memphis, TN 38103--551

Pamela B. Dixon
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Lousiana
Ste. 200
Little Rock, AR 72201

Honorable James Todd
US DISTRICT COURT